1  GARY E. KLAUSNER - SBN 69077
   gklausner@stutman.com
2  SCOTT H. YUN - SBN 185190
   syun@stutman.com
3  STUTMAN, TREISTER & GLATT, P.C.
4  1901 Avenue of the Stars, 12th Floor
   Los Angeles, CA 90067
5  (310) 228-5600

6  Attorneys for Debtor

7
   LISA HILL FENNING – SBN 89238
8  lfenning@dl.com
   HARRY GARNER – SBN 254942
9  hgarner@dl.com
   DEWEY & LEBOEUF LLP
10 333 S. Grand Ave., 26th Floor
   Los Angeles, CA 90071
11 (213) 621-6000

12
   Attorneys for Plan Proponent Al Yousuf, LLC
13

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**RIVERSIDE DIVISION**

| | |
|---|---|
| In re | Case No. 6:09-18312 TD |
| PHOENIX MC, INC., | Chapter 11 |
|                Debtor | **JOINT CHAPTER 11 PLAN DATED AUGUST 5, 2009** |
| | **Disclosure Statement Hearing** |
| | Date:    September 24, 2009<br>Time:   11:00 a.m.<br>Place:  Courtroom 303 |
| | **Confirmation Hearing** |
| | Date:    [TBD]<br>Time:   [TBD]<br>Place:  Courtroom 303 |

# TABLE OF CONTENTS

Page(s)

I. INTRODUCTION ...................................................................................................... 1
II. CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS ...................... 1
    A. General Overview ........................................................................................... 1
    B. Unclassified Claims ........................................................................................ 1
        1. Administrative Expenses ................................................................... 2
        2. Priority Tax Claims ........................................................................... 2
    C. Classified Claims and Interests ....................................................................... 3
        1. Classes of Secured Claims ................................................................ 3
        2. Classes of Priority Unsecured Claims .............................................. 4
        3. Class of General Unsecured Claims ................................................. 5
        4. Class(es) of Interest Holders ............................................................. 6
    D. Means of Performing the Plan ........................................................................ 6
        1. Funding for the Plan ......................................................................... 6
        2. Post-Confirmation Management ....................................................... 7
        3. Disbursing Agent .............................................................................. 7
III. TREATMENT OF MISCELLANEOUS ITEMS .................................................................. 8
    A. Executory Contracts and Unexpired Leases ................................................... 8
        1. Assumptions ...................................................................................... 8
        2. Rejections ......................................................................................... 8
    B. Changes in Rates Subject to Regulatory Commission Approval .................... 9
    C. Retention of Jurisdiction ................................................................................. 9
IV. EFFECT OF CONFIRMATION OF PLAN ........................................................................ 9
    A. No Discharge .................................................................................................. 9
    B. Revesting of Property in the Debtor .............................................................. 9
    C. Modification of Plan ....................................................................................... 9
    D. Post-Confirmation Status Report .................................................................. 10

| | E. | Quarterly Fees | 10 |
|---|---|---|---|
| | F. | Post-Confirmation Conversion/Dismissal | 10 |
| | G. | No Liability for Solicitation or Participation | 10 |
| | H. | Injunction | 11 |
| | I. | Termination of Committee | 11 |
| | J. | Dissolution Following Final Decree | 11 |
| | K. | Final Decree | 12 |

# I.
# INTRODUCTION

Phoenix MC, Inc. ("PMC" or "Debtor") is the Debtor in a Chapter 11 bankruptcy case. On April 27, 2009, PMC commenced a bankruptcy case by filing a voluntary Chapter 11 petition under the United States Bankruptcy Code ("Bankruptcy Code"), 11 U.S.C. § 101 et seq. This document is the Chapter 11 Plan ("Plan") proposed by the Debtor and Al Yousuf, L.L.C. ("AYL" and collectively with Debtor, "Proponents"). Sent to you in the same envelope as this document is the Disclosure Statement which has been approved by the Court, and which is provided to help you understand the Plan.

This is a liquidating plan. Substantially all of the assets of the estate will have been sold pursuant to Section 363 of the Bankruptcy Code (the "363 Sale") before confirmation of this Plan. In other words, the Proponents seek to accomplish payments under the Plan by paying creditors a lump sum from proceeds of the 363 Sale to the extent that they are in excess of the AYL Secured Claim as defined herein (the "Excess Sale Proceeds") and from amounts contributed by AYL as part of a settlement to be approved by this Court. Although the Plan is a liquidating plan, all remaining property of the estate, including all claims and causes of action, shall be revested in the Revested Debtor (as defined below) for purposes of post-confirmation management. The Effective Date of the proposed Plan is October __, 2009 (the "Effective Date").

# II.
# CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.  **General Overview**

As required by the Bankruptcy Code, the Plan classifies claims and interests in various classes according to their right to priority of payments as provided in the Bankruptcy Code. The Plan states whether each class of claims or interests is impaired or unimpaired. The Plan provides the treatment each class will receive under the Plan.

B.  **Unclassified Claims**

Certain types of claims are not placed into voting classes; instead they are unclassified. They are not considered impaired and they do not vote on the Plan because they are

528754v4

1

automatically entitled to specific treatment provided for them in the Bankruptcy Code. As such, the Proponents have not placed the following claims in a class. The treatment of these claims is provided below.

1.  **Administrative Expenses**

Administrative expenses are claims for costs or expenses of administering the Debtor's Chapter 11 case which are allowed under Bankruptcy Code section 507(a)(1). The Bankruptcy Code requires that all administrative claims be paid on the Effective Date of the Plan, unless a particular claimant agrees to a different treatment.

The following chart lists all of the Debtor's Bankruptcy Code section 507(a)(1) administrative claims and their treatment under this Plan.

| Name | Amount Owed | Treatment |
|---|---|---|
| Stutman Triester & Glatt, P.C. Counsel for Debtor | $25,000.00 [after application of prepetition retainer and funding under the DIP Loan] | Paid in full on later of Effective Date or entry of order allowing fees |
| Lewis Landau, Attorney at Law Counsel for Committee | $70,000.00 | Paid in full on later of Effective Date or entry of order allowing fees |
| AYL, DIP Lender | [$1,348,289] | Satisfied from sale proceeds or by credit bid at 363 Sale |
| Clerk's Office Fees | $0.00 | Paid in full on Effective Date |
| Office of the U.S. Trustee Fees | $650.00 | Paid in full on Effective Date |
| TOTAL | $95,650.00 | |

Court Approval of Fees Required:

The Court must approve all professional fees listed in this chart. For all fees except Clerk's Office fees and U.S. Trustee's fees, the professional in question must file and serve a properly noticed fee application, and the Court must rule on the application. Only the amount of fees allowed by the Court will be required to be paid under this Plan.

2.  **Priority Tax Claims**

Priority tax claims are certain unsecured income, employment and other taxes described by Bankruptcy Code section 507(a)(8). The Bankruptcy Code requires that each holder of such a 507(a)(8) priority tax claim receive the present value of such claim in deferred cash payments, over a period not exceeding six years form the date of the assessment of such tax.

528754v4

2

The following chart lists <u>all</u> of the Debtor's Bankruptcy Code section 507(a)(8) priority tax claims and their treatment under this Plan.

| Description | Amount Owed | Treatment |
|---|---|---|
| • Name = Cal. Franchise Tax Bd.<br>• Type of tax = Use<br>• Date tax assessed = | $102,000.00<br><br>(disputed) | • Pymt interval = Quarterly<br>• Pymt amt/interval = One<br>• Begin date =December 31, 2009<br>• End date =December 31, 2010<br>• Interest Rate % = [TBD]<br><br>Total Payout Amount 100% = $102,000 (or such amount as may be allowed) |
| • Name =<br>• Type of tax =<br>• Date tax assessed = | | • Pymt interval =<br>• Pymt amt/interval =<br>• Begin date =<br>• End date =<br>• Interest Rate % =<br>• Total Payout Amount % =$ |

C. **Classified Claims and Interests**

1. **Classes of Secured Claims**

Secured claims are claims secured by liens on property of the estate. The following chart lists all classes containing Debtor's secured pre-petition claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | INSIDERS (Y/N) | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|---|
| 1A | Secured claim of:<br><br>• Name = AYL<br><br>• Collateral description = Blanket lien<br><br>• Collateral value = unknown<br><br>• Priority of security int. = senior/first<br><br>• Principal owed = $6,779,231.42<br><br>• Pre-pet. arrearage amount = N/A<br><br>• Post-pet. arrearage amount = N/A<br><br>• Total claim amount = $6,779,231.42 plus interest, fees and costs | Y | Impaired; claims in this class are entitled to vote on the Plan | • Satisfied from the 363 Sale to the extent of (i) net cash proceeds or (ii) the amount of AYL's credit bid<br>• Deficiency to be treated as Class 3B Claim |

2. **Classes of Priority Unsecured Claims**

Certain priority claims that are referred to in Bankruptcy Code sections 507(a)(4), (5), (6), and (7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Bankruptcy Code requires that each holder of such a claim receive cash on the Effective Date equal to the allowed amount of such claim. However, a class of unsecured priority claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such claims.

The following chart lists all classes containing Debtor's Bankruptcy Code sections 507(a)(4), (5), (6), and (7) priority unsecured claims and their treatment under this Plan:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 2A | Priority unsecured claim pursuant to Section 507(a)(4)<br>(Thad Balkman severance)<br>Total amt of claims = $10,950.00 | Impaired; claims in this class are entitled to vote on the Plan | Paid in cash in full in two installments: (i) half on Effective Date (or as soon thereafter as the claim is allowed) and (ii) the balance on December 31, 2009 |
| 2B | Priority unsecured claim pursuant to Section 507(a)(7)<br>(Approx. 5 Customer Deposits) | Impaired; claims in this class are entitled to vote on the Plan | Paid in cash in full in two installments: (i) half on Effective Date (or as soon thereafter as the claim is allowed) and (ii) the |

528754v4

| | Total amt of claims = $12,125 | | balance on December 31, 2009 |
|---|---|---|---|

### 3. Class of General Unsecured Claims

General unsecured claims are unsecured claims not entitled to priority under Bankruptcy Code section 507(a). The following chart identifies this Plan's treatment of the class containing <u>all</u> of Debtor's general unsecured claims:

| CLASS# | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 3A – General | General unsecured claims, except for claims in Classes 3B and 3C<br><br>Total amt of claims = approx. $8.1 million | Impaired; claims in this class are entitled to vote on the Plan | • Paid in cash their pro rata share of (i) Excess Sale Proceeds, (ii) Remaining amount of AYL Settlement Amount, after payment of priority unsecured claims and convenience claims, and (iii) any unencumbered funds in or received by the estate (collectively, the "Available Funds")<br>• Payable on December 31, 2009, provided that an initial distribution may be made on October 31, 2009 if the aggregate face amount of remaining disputed claims is less than $1 million<br>• Holders of Class 3A Claims may elect to reduce their claims and have them treated as Class 3C Claims<br>• A Disputed Claims Reserve will be established in the face amount of disputed claims, pending the resolution of objections, consisting of their pro rata share of the Available Funds<br>• Interest rate 0%  =<br>• Total payout of approximately 5% = $366,925 |
| 3B – AYL Unsecured | AYL unsecured<br><br>Total amt of claims =<br><br>$8,295,034.43 less credit bid or amt paid from 363 Sale | Impaired; claims in this class are entitled to vote on the Plan | • Claims shall be subordinated to Class 3A<br>• Total payout 0% |
| 3C – Convenience Class | General unsecured claims $500 or less or willing to reduce to $500 | Impaired; claims in this class are entitled to vote on the Plan | • Paid in cash their pro rata share of (i) Excess Sale Proceeds, (ii) $10,000 from the AYL Settlement Amount, and (iii) any unencumbered funds in or |

| | | | received by the estate<br>• Payable on the Effective Date (or as soon thereafter as the claim is allowed) |
|---|---|---|---|

4. **Class(es) of Interest Holders**

Interest holders are the parties who hold an ownership interest (i.e., equity interest) in the Debtor. If the Debtor is a corporation, entities holding preferred or common stock in the Debtor are interest holders. If the Debtor is a partnership, the interest holders include both general and limited partners. If the Debtor is an individual, the Debtor is the interest holder. The following chart identifies this Plan's treatment of the class of interest holders:

| CLASS # | DESCRIPTION | IMPAIRED (Y/N) | TREATMENT |
|---|---|---|---|
| 4 | Interest holders | Impaired; interests in this class are deemed to have rejected the Plan | All existing interests, including outstanding warrants, shall be cancelled. |

D. **Means of Performing the Plan**

1. **Funding for the Plan**

The Plan will be funded by the following: Debtor and AYL have agreed to settle all claims of the estate against AYL and Eqbal al Yousuf (the "AYL Settlement"), including any and all claims arising from or related to the Complaint for Equitable Subordination of Insider Secured Claim (the "Subordination Complaint") filed on June 29, 2009 by the Committee, on the following terms and conditions:

a. AYL has;

(i) placed $500,000 in escrow in the attorney-client trust account of the Debtor's bankruptcy counsel, $400,000 of which will be released to the Revested Debtor within ten (10) days after the entry of the order confirming the Plan and approving the AYL Settlement to fund the estimated allowed unsecured claims, including estimated allowed priority claims (the "Unsecured and Priority Claims Portion"), and $100,000 of which will be held by Debtor's bankruptcy counsel as a deposit towards the payment of allowed administrative claims as described in subsection (ii) below (the "Administrative Claims Deposit");

528754v4

(ii) within ten (10) days of the allowance of professional fee applications for counsel for Debtor and the Committee, pay an additional amount sufficient to pay all administrative claims in full (the "Administrative Claims Portion," and collectively with the "Unsecured and Priority Claims Portion," the "AYL Settlement Amount"), either by authorizing the disbursement of the Administrative Claims Deposit or by payment of such allowed administrative claims in excess of the Administrative Claims Deposit,; and

(iii) agree to subordinate all AYL Unsecured Claims to the claims of all other creditors of this estate,

**on condition that**:

b. On behalf of the estate, the Debtor releases any and all claims against AYL, Eqbal al Yousuf, and any other employees, agents or affiliates of the Debtor.

**2.     Post-Confirmation Management.**

On the Effective Date, the Revested Debtor's board of directors shall be composed of the following three directors: Thad Balkman (a creditor), Dennis Hogan (currently the Debtor's chief financial officer), and Alex Lee (currently the Debtor's president). The directors shall serve without compensation. In addition, a Chief Restructuring Officer shall be designated and disclosed to the Court and other interested parties prior to the confirmation hearing, who will be responsible for completing any objections to claims, complying with the requirements to complete the administration of the bankruptcy case, and winding up the corporation under the direction of the directors of the Revested Debtor. The Chief Restructuring Officer shall receive compensation at his or her normal hourly rate but his or her total compensation shall not exceed the maximum amount that a chapter 7 trustee would be allowed under Bankruptcy Code section 326(a), which shall be included in the Administrative Claims Amount to be paid by AYL. The Chief Restructuring Officer is authorized, without further order of the Court, to employ such persons, including professionals, as it may deem necessary to enable him or her to perform necessary functions.

**3.     Disbursing Agent.**

The Chief Restructuring Officer shall also act as the Disbursing Agent for the purpose of making all distributions provided for under the Plan. The Disbursing Agent shall serve with a

bond and shall receive $5,000.00 for distribution services rendered and expenses incurred pursuant to the Plan, which shall be included in the Administrative Claims Amount to be paid by AYL. The AYL Settlement Amount and any funds received by the Disbursing Agent shall be maintained in a segregated, interest-bearing bank account.

## III.

## TREATMENT OF MISCELLANEOUS ITEMS

### A. Executory Contracts and Unexpired Leases

#### 1. Assumptions

The following are the unexpired leases and executory contracts to be assumed as obligations of the reorganized Debtor under this Plan (see Exhibit A for more detailed information on unexpired leases to be assumed and Exhibit B for more detailed information on executory contracts to be assumed): None. Certain unexpired leases and executory contracts have been assumed in connection with the 363 Sale, but no unexpired leases and executory contracts are being assumed by the Revested Debtor.

#### 2. Rejections

On the Effective Date, the following executory contracts and unexpired leases will be rejected: All executory contracts and unexpired leases that were not assumed and assigned in connection with the 363 Sale.

The order confirming the Plan shall constitute an order approving the rejection of the lease or contract. If you are a party to a contract or lease to be rejected and you object to the rejection of your contract or lease, you must file and serve your objection to the Plan within the deadline for objecting to the confirmation of the Plan. See Disclosure Statement for the specific date.

THE BAR DATE FOR FILING A PROOF OF CLAIM BASED ON A CLAIM ARISING FROM THE REJECTION OF A LEASE OR CONTRACT IS THE LATER OF (I) AUGUST 20, 2009; OR (II) 30 DAYS AFTER THE DATE ON WHICH, AS APPROPRIATE, (X) A LEASE OF NONRESIDENTIAL REAL PROPERTY IS DEEMED REJECTED PURSUANT TO SECTION 365(D)(4) OF THE CODE; (Y) NOTICE OF ENTRY OF THE ORDER

APPROVING THE DEBTOR'S REJECTION OF SUCH EXECUTORY CONTRACT OR UNEXPIRED LEASE IS SERVED; OR (Z) OTHER NOTICE OF REJECTION AS APPROVED BY THE COURT IS PROVIDED. Any claim based on the rejection of an executory contract or unexpired lease will be barred if the proof of claim is not timely filed, unless the Court later orders otherwise.

**B.  Changes in Rates Subject to Regulatory Commission Approval**

This Debtor is not subject to governmental regulatory commission approval of its rates.

**C.  Retention of Jurisdiction.**

The Court will retain jurisdiction to the extent provided by law.

## IV.

## EFFECT OF CONFIRMATION OF PLAN

**A.  No Discharge**

The Debtor will not receive any discharge in this case because Debtor does not meet the test for receiving a discharge specified under Bankruptcy Code section 1141(d)(3).

**B.  Revesting of Property in the Debtor**

Except as provided elsewhere in the Plan, the confirmation of the Plan revests all of the property of the estate, including causes of action and the right to object to claims, in the revested Debtor (the "Revested Debtor"). The Revested Debtor shall be deemed a bankruptcy appointed representative of the Company for purposes of the Debtor's directors & officers company insurance policy and under Bankruptcy Code section 1123(b)(3)(B).

**C.  Modification of Plan**

The Proponents of the Plan may modify the Plan at any time before confirmation. However, the Court may require a new disclosure statement and/or revoting on the Plan if the Proponents modify the plan before confirmation.

The Proponent of the Plan may also seek to modify the Plan at any time after confirmation so long as (1) the Plan has not been substantially consummated and (2) if the Court authorizes the proposed modifications after notice and a hearing.

### D. Post-Confirmation Status Report

Within 120 days of the entry of the order confirming the Plan, the Proponents shall file a status report with the Court explaining what progress has been made toward consummation of the confirmed Plan. The status report shall be served on the United States Trustee, the twenty largest unsecured creditors, and those parties who have requested special notice. Further status reports shall be filed every 120 days and served on the same entities.

### E. Quarterly Fees

Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to date of confirmation shall be paid to the United States Trustee on or before the effective date of the plan. Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall be paid to the United States Trustee in accordance with 28 U.S.C. § 1930(a)(6) until entry of a final decree, or entry of an order of dismissal or conversion to chapter 7.

### F. Post-Confirmation Conversion/Dismissal

A creditor or party in interest may bring a motion to convert or dismiss the case under Bankruptcy Code section 1112(b), after the Plan is confirmed, if there is a default in performing the Plan. If the Court orders the case converted to Chapter 7 after the Plan is confirmed, then all property that had been property of the Chapter 11 estate, and that has not been disbursed pursuant to the Plan, will revest in the Chapter 7 estate, and the automatic stay will be reimposed upon the revested property only to the extent that relief from stay was not previously granted by the Court during this case.

### G. No Liability for Solicitation or Participation

As specified in Bankruptcy Code section 1125(e), persons that solicit acceptances or rejections of the Plan and/or that participate in the offer, issuance, sale, or purchase of securities offered or sold under the Plan, in good faith and in compliance with the applicable provisions of the Bankruptcy Code, are not liable, on account of such solicitation or participation, for violation of any applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or the offer, issuance, sale, or purchase of securities.

### H. Injunction

Except as otherwise provided in the Plan or the order confirming the Plan (the "Confirmation Order"), on and after the Effective Date, all entities that have held, currently hold, or may hold a debt, claim, other liability, or interest against or in the Debtor that would be discharged upon confirmation of this Plan and the Effective Date, but for the provisions of Bankruptcy Code section 1141(d)(3) and the Plan, are permanently enjoined from taking any of the following actions on account of such debt, claim, liability, interest, or right: (a) commencing or continuing in any manner any action or other proceeding on account of such debt, claim, liability, interest, or right against the Debtor, the Revested Debtor, or property that is to be distributed under this Plan, other than to enforce any right to a distribution with respect to such property under the Plan; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against the Debtor, the Revested Debtor, or any property to be distributed to creditors under this Plan, other than as permitted under subparagraph (a) above; and (c) creating, perfecting, or enforcing any lien or encumbrance against any property to be distributed under this Plan, other than as permitted by this Plan. On and after the Effective Date, each holder of an Interest in the Debtor is permanently enjoined from taking or participating in any action that would interfere or otherwise hinder the Debtor from implementing this Plan or the Confirmation Order.

### I. Termination of Committee

As of the effective date of the Plan, the Committee shall terminate and shall have no rights, responsibilities, powers, duties or authority.

### J. Dissolution Following Final Decree

On the date the Court has entered a final order closing this Case, the Revested Debtor shall be dissolved as a Delaware corporation, without any further action being required to effectuate such dissolution. The Revested Debtor is authorized to file a certificate of dissolution with the Delaware Secretary of State. Upon dissolution, the Revested Debtor shall have no further responsibility concerning the Debtor's records. As of the Effective Date and before the dissolution, the Debtor, as the Revested Debtor, will continue to be governed in accordance with this Plan.

K. **Final Decree**

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponents, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: August 5, 2009

_____
Phoenix MC, Inc., Plan Proponent
By: Daniel J. Elliott
Its: Chairman & CEO

_____
GARY E. KLAUSNER and SCOTT H. YUN
STUTMAN, TREISTER & GLATT, P.C.
Bankruptcy Counsel for Phoenix MC, Inc., Plan Proponent

AL YOUSUF, LLC, Plan Proponent

By_____
LISA HILL FENNING

DEWEY & LEBOEUF LLP
Attorneys for Al Yousuf, LLC

### K. Final Decree

Once the estate has been fully administered as referred to in Bankruptcy Rule 3022, the Plan Proponents, or such other party as the Court shall designate in the Plan Confirmation Order, shall file a motion with the Court to obtain a final decree to close the case.

Date: August __, 2009

---

Phoenix MC, Inc., Plan Proponent

By:
Its:

---

GARY E. KLAUSNER and SCOTT H. YUN
STUTMAN, TREISTER & GLATT, P.C.
Bankruptcy Counsel for Phoenix MC, Inc., Plan Proponent

AL YOUSUF, LLC, Plan Proponent

By _____
LISA HILL FENNING

DEWEY & LEBOEUF LLP
Attorneys for Al Yousuf, LLC

EXHIBIT A - UNEXPIRED LEASES TO BE ASSUMED

NOT APPLICABLE.  No unexpired leases to be assumed under the Plan.

EXHIBIT B - EXECUTORY CONTRACTS TO BE ASSUMED

NOT APPLICABLE. No executory contracts to be assumed under the Plan.

| In re: Phoenix MC, Inc., a Delaware corporation  Debtor(s). | Chapter 11  Case No.: 6:09-bk-18312-TD |
|---|---|

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 1901 Avenue of the Stars, 12th Floor, Los Angeles, CA 90067.

The foregoing document described as **JOINT CHAPTER 11 PLAN DATED AUGUST 5, 2009** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 5, 2009, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

Lisa Hill Fenning on behalf of Creditor Al Yousuf, LLC　　lfenning@dl.com
Jonathan G Fetterly on behalf of Creditor UQM Technologies　jon.fetterly@hro.com
James Andrew Hinds on behalf of Creditor Edward Jones　jhinds@jhindslaw.com
Eric E Johnson on behalf of Creditor UQM Technologies　eric.johnson@hro.com
Ivan L Kallick on behalf of Creditor Merriman Curhan Ford　ikallick@manatt.com, ihernandez@manatt.com
Lewis R Landau on behalf of Creditor Committee Creditors Committee　lew@landaunet.com
Elizabeth A Lossing on behalf of U.S. Trustee United States Trustee (RS)　elizabeth.lossing@usdoj.gov
Avi Muhtar on behalf of Debtor Phoenix MC, Inc.　amuhtar@stutman.com
Paul R Shankman on behalf of Creditor Edward Jones　pshankman@jhindslaw.com
James A Timko on behalf of Creditor MEF Realty, LLC　jtimko@allenmatkins.com
United States Trustee (RS)　ustpregion16.rs.ecf@usdoj.gov
Scott H Yun on behalf of Debtor Phoenix MC, Inc.　syun@stutman.com

☐ Service information continued on attached page

**II. SERVED BY COURIER SERVICE FOR OVERNIGHT DELIVERY ON ALL PARTIES:** On August 5, 2009, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in sealed envelope(s) with Federal Express for next-business day delivery addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on August 5, 2009, I served the following person(s) and/or entity(ies) by same-day personal delivery addressed as follows. *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

Honorable Thomas B. Donovan, U.S. Bankruptcy Judge
United States Bankruptcy Court - Roybal Federal Building, 255 E. Temple Street, Suite 1352, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| August 5, 2009 | CLAUDIA LEE | *CLAUDIA LEE* |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

528766v1

Phoenix Motorcars
Service List
Doc. Id. 505582 +

Debtor
Phoenix MC, Inc.
Attn: Daniel J. Elliott, President & CEO
401 S. Doubleday Avenue
Ontario, CA 91761

Committee Counsel
Lewis R. Landau, Esq.
23564 Calabasas Road, Suite 104
Calabasas, CA 91302

Unsecured Creditors Committee
BCII
Attn: Greg Glass
3500 San Fernando Blvd.
Burbank, CA 91505

Special Notice Party
Attys for Merriman Curhan Ford
Ivan L. Kallick, Esq.
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064

Special Notice Party
Atty for Creditor Edward Jones
Paul R. Shankman, Esq.
Law Offices of James A. Hinds, Jr.
21515 Hawthorne Blvd., Suite 1150
Torrance, CA 90503

Counsel for Secured Lender
John Podgore, Dewey & LeBoeuf LLP
Suites 102-104, Level 1
The Gate Village Building 4
Dubai International Financial Center
Dubai, United Arab Emirates

Unsecured Creditors Committee
UQM Technologies, Inc.
Attn: Donald A. French
7501 Miller Drive, PO Box 439
Frederick, CO 80540

Special Notice Party
Attys for UQM Technologies, Inc.
L.P. Ebiner; J.G. Fetterly; D. Wilson
Holme Roberts & Owen LLP
800 West Olympic Blvd., 4th Flr.
Los Angeles, CA 90015

Special Notice Party
Peter F. Nortman
Principal Engineer, President
EnergyCS
135 E. Maple Avenue, Unit C
Monrovia, CA 91016

Attys for Creditor MEF Realty, LLC
Michael S. Greger, Esq.
James A. Timko, Esq.
Allen Matkins Leck Gamble Mallory & Natsis
1900 Main Street, Fifth Floor
Irvine, CA 92614-7321

Counsel for Secured Lender
Lisa Hill Fenning
Harry E. Garner
DEWEY & LEBOEUF LLP
333 South Grand Avenue, Suite 2600
Los Angeles, CA 90071-1530

Unsecured Creditors Committee
Boshart Engineering
Attn: Ken Boshart
1175 N. Del Rio Pl
Ontario, CA 91764

Special Notice Party
Attys for Boshart Engineering, Inc.
Timothy M. Younger, Esq.
Younger & Associates
10681 Foothill Boulevard, Suite 280
Rancho Cucamonga, CA 91730

Special Notice Party
Michael A. Dowd, CFO
BCII 3500 N. San Fernando Blvd
Burbank, CA 91505